## MUTUAL LIFE INSURANCE COMPANY OF NEW YORK v. SALEM.

*Reference — to determine claims to surplus moneys — power of court over.*

The object of a reference to ascertain the rights of claimants to surplus moneys upon foreclosure, is to inform the court, and the court, upon the coming in of the report, has the power to confirm or set aside the same, or refer back for further proofs, as it may deem just or equitable. There is hardly any analogy between motions for and the granting of new trials and the exercise of equitable powers over proceedings of the nature mentioned.

APPEAL by defendant, Christina K. Martling, from an order at the special term, vacating order confirming referee's report as to the disposition of the surplus moneys in the above-entitled case, so far as it affected the parties to the motion, and referring the matter back to the same referee to take further proofs, etc.

The action was brought against Maria D. S. Salem, Morris Leipziger, Christina K. Martling, and others, to foreclose a mortgage executed by defendant Salem and another. Upon the sale a surplus

Mutual Life Insurance Co. of New York v. Salem.

resulted, which both Leipziger and Martling claimed. The referee decided in favor of defendant Martling, and excluded the other claim. Afterward, upon the ground of newly-discovered evidence, the court sent the proceedings back to the referee, with directions to take further evidence, from which order this appeal was taken.

*Halbert & Eckerson*, for appellant.

*Julien T. Davies*, for respondent.

DAVIS, P. J. This was a proceeding in equity to ascertain the rights of the respective claimants to the surplus money produced on the sale, under the decree of foreclosure, in the above-entitled case. The object of this reference is to inform the court of the legal and equitable titles to the money, and on the coming in of the report and testimony, the court, sitting in equity, has the most ample power to confirm, or set aside, or refer back the same, for further proofs, as to its conscience shall seem just and equitable. The object of making the reference is, as is well recited in the 77th rule of the court, " to the end that, on the coming in and confirmation of the report, such order may be made for the distribution of such surplus moneys as may be just." While the moneys remain in court undistributed, the equitable powers of the court over the proceedings must be complete, and in opening the confirmation and referring the matter to the referee for further proofs, the court acts in the exercise of such powers. There is hardly any analogy between the motion for and the granting of new trials in actions at law, after issues tried, and the exercise by the court of its equitable powers over proceedings of this nature. They are not governed by the same technical rules, but by the wider discretion of equity, in seeking to do justice in accordance with its own established rules, without regard to legal technicalities, which do not, in the given case, receive the approval of the court.

In granting the order appealed from, the court below acted in the exercise of the discretion pertaining in such cases to courts of equity. It is insisted that, for this reason, the order is not appealable. We are not inclined to pass upon that question, because, in our judgment, the order may, with propriety, be affirmed. The report excluded the respondent from participating in the surplus to any extent, because his mortgages, which were prior liens in point

of time, were void for usury. Under the circumstances of the case, and in view of the new facts presented on behalf of the respondent, the court deemed it just and equitable that a re-hearing on the question of the validity of the mortgages should be had before the referee upon additional proofs, at the same time preserving all the testimony before taken by the referee. We see no abuse of the discretion of the court that calls for our interference; on the contrary, the order seems not to have been improvidently made.

It should be affirmed with $10 costs on this appeal, besides disbursements.

*Order affirmed.*